inquiry constituted *minimal* compliance with Article 38(b). However, as we stated in *Donohew:*

"We believe the seriousness of the situation dictates that *the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder.*

"*Accordingly, the record in each special or general court-martial convened more than thirty days after the date of this* [Donohew] *opinion should reflect this requirement has been met.* United States v Rinehart, 8 USCMA 402, 24 CMR 212." [Emphasis supplied in part.]

The decision of the board of review is affirmed.

UNITED STATES, Appellee

v

JAMES MORGAN, Lance Corporal, U. S. Marine Corps, Appellant

18 USCMA 184, 39 CMR 184

No. 21,653

March 14, 1969

*Lieutenant V. L. Evans,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Commander Walter F. Brown,* JAGC, USN, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

We granted review in this case to determine whether Article 38(b), Uniform Code of Military Justice, 10 USC § 838, had been complied with. The record reflects that, at the outset, a *pro forma* inquiry was made to determine whether the accused had been advised of his rights concerning counsel as set forth in Article 38(b) of the Code.

In United States v Donohew, 18 USCMA 149, 39 CMR 149, decided March 7, 1969, we held that this type of inquiry constituted *minimal* compliance with Article 38(b). However, as we stated in *Donohew:*

"We believe the seriousness of the situation dictates that *the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder.*

"*Accordingly, the record in each special or general court-martial convened more than thirty days after the date of this* [Donohew] *opinion should reflect this requirement has* been met. United States v Rinehart, 8 USCMA 402, 24 CMR 212." [Emphasis supplied in part.]

The decision of the board of review is affirmed.

UNITED STATES, Appellee

v

DARRYL D. HACKWORTH, Private First Class, U. S. Marine Corps, Appellant

18 USCMA 185, 39 CMR 185

No. 21,680

March 14, 1969

*Lieutenant Commander E. M. Fulton, Jr.,* JAGC, USN, was on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

We granted review in this case to determine whether Article 38(b), Uniform Code of Military Justice, 10 USC § 838, had been complied with. The record reflects that, at the outset, a *pro forma* inquiry was made to determine whether the accused had been advised of his rights concerning counsel as set forth in Article 38(b) of the Code.

In United States v Donohew, 18 USCMA 149, 39 CMR 149, decided March 7, 1969, we held that this type of inquiry constituted *minimal* compliance with Article 38(b). However, as we stated in *Donohew:*

"We believe the seriousness of the situation dictates that *the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder.*

"*Accordingly, the record in each special or general court-martial convened more than thirty days after the date of this* [Donohew] *opinion should reflect this requirement has been met.* United States v Rinehart, 8 USCMA 402, 24 CMR 212." [Emphasis supplied in part.]

The decision of the board of review is affirmed.